PRESTON, *Adm'r, v.* THE TRAVELLERS' INS. CO.

A petition for the removal of a suit from a state court into the circuit court of the U. S., under the act of March 3, 1875, must be filed at the first term at which the parties, being in court, or being bound to be there, are not prevented, by the law of procedure, from going to trial.

A general replication of waiver, containing no averment of facts constituting a waiver, is bad.

In assumpsit on a written contract, the plaintiff cannot avoid a part of the contract on the ground of the defendants' fraud in making it.

ASSUMPSIT, on a policy of life insurance. The suit was entered at the February term, 1875, and continued to the September term, and then continued to the February term, 1876, when the defendants filed a petition for removal into the circuit court of the U. S. On account of other business entitled to precedence on the docket, the third term (when the petition was filed) was, in fact, the first term at which this cause could be tried. The court rejected the petition, and the defendants excepted.

The substance of one of the pleas is, that the promise declared upon was and is in writing, and upon the condition expressed therein, that the defendants should not be liable if the deceased should come to his death by reason of injuries occasioned to him while attempting to enter any public conveyance propelled by steam; while in motion, and that he was killed while attempting to enter such a conveyance in motion. The fifth replication to this plea is, that the defendants have waived said condition; and the sixth is, that the deceased was induced, by the deceit, misconduct, and fraud of the defendants, to believe that said condition was not relied upon by the defendants as a part of the contract. To these replications the defendants demur.

*Hobbs,* for the defendants.

*Copeland,* for the plaintiff.

SAWYER, J. I. Under the act of March 3, 1875, the petition for removal must be filed "before or at the term at which said cause

could be first tried, and before the trial thereof." The act was made applicable to pending suits, and this case was subject to its provisions at the September term.   It evidently was one of the objects of the act to provide a remedy for the evil of the tardy removal of suits under the former law.   After keeping a suit in the state court as many terms as possible, and putting the plaintiff to costly preparation, the defendant could, at the last moment before trial, retreat into the federal court for the purpose of completing the exhaustion of his opponent, and defeating justice by intolerable expense and delay.   If the same course is now open to him at any time before he can, in fact, be forced to trial, the evil remains substantially unabated.   A case cannot, in fact, be tried at a term at which it is continued on a motion grounded on the absence of a witness, or any other impediment held by the court to be cause for a continuance.

The act of 1875, construed reasonably in suppression of the mischief at which the alteration of the former law is aimed, requires the petition to be filed before or at the term at which the cause can, in contemplation of law, be first tried,—the first term at which the parties, being in court, or being legally bound to be there, are not prevented, by the law of procedure, from going to trial.   Each party then has a reasonable opportunity to remove the cause before employing all the means of delay of which he may be able to avail himself in the state court.   Considering the defect of the former law, and the manifest remedial purpose of the act of 1875, we think it was not the duty of the court, in this case, to accept the petition after the September term at which, so far as the state of the cause depended upon the law, it could have been tried.   The exception is overruled.

II. The replication of waiver is bad, because it does not set forth facts that constitute a waiver.

III. The replication of fraud is bad, because it is, in substance, a bill in equity, asking for the reformation of the written contract on which the suit is brought.   A court of law may construe and enforce the instrument as it stands, or may set it aside altogether if there be adequate cause ; but it cannot compel an alteration of it to be made, nor annul a part of it and enforce the rest.   Adams Eq. 168 ; *Prescott* v. *Hawkins*, 12 N. H. 19 ; *Butler* v. *Hildreth*, 5 Met. 49, 51.

*Demurrer   sustained.*

STANLEY, J., did not sit.